UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kashyap Patel**,<br><br>        *Plaintiff*,<br><br>*v.*<br><br>**Department of Defense**<br>Washington, D.C. 20301,<br><br>        *Defendant*. | Case No. 1:23-cv-1255 |

**COMPLAINT**

**Statement of the Case**

1.     Plaintiff Kashyap Patel ("Patel") brings this action against Defendant Department of Defense ("DoD") for injunctive and declaratory relief under the Administrative Procedure Act, 5 U.S.C. § 702 et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the First Amendment to the Constitution of the United States.

2.     DoD has unlawfully imposed a prior restraint upon Patel by obstructing and infringing on his right to publish unclassified information in his manuscript entitled, *Government Gangsters: The Deep State, the Truth, and the Battle for Our Democracy* ("Manuscript").

3.     DoD has unreasonably delayed the formal completion of the classification review to which Patel voluntarily submitted, and has confirmed that it plans to demand the removal of unclassified information—without distinguishing between unclassified and purportedly classified information in its proposed redactions.

4.     Patel's Manuscript was originally scheduled for publication around February 2023, but that date has been repeatedly pushed back because DoD has deliberately continued to impose

unduly burdensome and legally inapplicable requirements upon Patel. Because of these actions/in-actions, Patel challenges DoD's continuing and unlawful conduct in violation of his right to free speech under the First Amendment of the U.S. Constitution.

## Jurisdiction and Venue

5. This Court has subject-matter jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

6. Venue is appropriate in the District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## Parties

7. Plaintiff Patel served as the Chief of Staff of the Department of Defense from 2020 to 2021. In this capacity, his responsibilities included implementing the secretary of defense's mission involving three-million-plus employees, a $740-billion budget, and $2 trillion in assets.

8. Prior to his experience at the Pentagon, Patel served as Deputy Assistant to the President and senior director for counterterrorism on the National Security Council (NSC) at the White House. In that role, Patel oversaw the execution of several of President Trump's top priorities, including eliminating Al-Qa'ida and ISIS senior leadership, and safely repatriating dozens of American hostages.  Patel also served as the acting deputy of the Office of the Director of National Intelligence.

9. Before joining the NSC, Patel served as the national security advisor and senior counsel for the House Permanent Select Committee on Intelligence (HPSCI), where he spearheaded the investigation into the Russian active measures campaign to influence the 2016 presidential election.  Patel was also a career prosecutor in the National Security Division at the Department of Justice; while at DOJ, he was detailed to support Joint Special Operations Command in pursuit of top counterterror targets around the globe.

10.     Defendant DoD is an agency of the United States and subject to the jurisdiction of this Court. DoD's actions have prevented Patel from publishing his Manuscript.

**Facts**

11.     The Manuscript is a memoir of Patel's government service at DoD, NSC, ODNI, HPSCI, and DOJ.  Given his combination of high-level government experience, Patel is uniquely positioned to offer informed commentary of matters of public concern.  Specifically, in the Manuscript, Patel pulls back the curtain on the Deep State, revealing the major players and tactics within the permanent government bureaucracy, which has spent decades stripping power away from the American people and their elected leaders. Based on his firsthand knowledge, Patel reveals how to defeat the Deep State, reassert self-government, and restore our democracy.

12.     In the Manuscript, Patel includes candid analysis of DoD policy under the current administration, and of the performance of unelected career bureaucrats at the Pentagon.

13.     On or about October 11, 2022, the Manuscript was delivered in hard copy and digital copy to the listed address for the Defense Office of Prepublication and Security Review ("DOPSR").

14.     On December 2, 2022, a DOPSR official informed Patel's representative, via email, that DOPSR had no record of the manuscript.  Patel's representative immediately transmitted an electronic copy of the Manuscript via email.  In response, a second DOPSR official sent a threatening response to Patel's representative and informed the representative that "it is DOPSR Policy to work with and through authors only.

15.     On December 5, 2022, Patel contacted DOPSR directly and asked for a status update.  A DOPSR official replied that "our review coordinations are averaging several months" and

stated that, in addition to identifying purportedly classified information, the review of the Manuscript would seek to identify—and presumably insist upon the redaction of—"controlled unclassified information, Operational Security related information," and entail a "policy review to ensure accurate statements of DoD Policy."

16.     On December 14, 2022, a DOPSR official informed Patel that "DOPSR has read your manuscript and tasked it to several equity holders in and out of the DoD."

17.     On January 9, 2023, Patel requested a status update from DOPSR, which informed Patel the next day that "we have 2 taskings—out of 9 relevant component taskings—returned to us," that both such returned taskings were from components outside of DoD, and that "all DoD Reviews remain outstanding."

18.     On January 23, 2023, Patel requested a status update from DOPSR, which informed Patel that a third review (out of nine total) had been completed.

19.     On February 3, 2023, Patel requested a status update from DOPSR, which informed Patel no further reviews had been completed and none of the six outstanding components could forecast a completion date for review of Patel's manuscript.

20.     On February 27, 2023, Patel requested a status update from DOPSR, which informed Patel the next day that two more reviews (for a total of five, out of nine) had been completed.  DOPSR further declined "as a matter of policy" to "discuss the content of any completed reviews, for any cases, while the overall review process continues."

21.     On March 9, 2023, counsel for Patel contacted DOPSR to make further inquiries regarding the review process.  A DOPSR official declined to substantively engage Patel's counsel, who on March 10 requested a point of contact at DoD Office of General Counsel ("OGC") to discuss the Manuscript.

22.     On March 16, 2023, Patel called DOPSR for a status update via phone.  Despite Patel's request, his counsel was not permitted to join the call.

23.     On March 24, 2023—two weeks after Patel's counsel requested to a contact at DoD OGC—a lawyer for DoD Washington Headquarters Service contacted Patel's counsel on behalf of DOPSR.  During a call on March 27, the DoD lawyer informed Patel's counsel that a sixth component (out of 9) had completed its review, that "at some point, [DOPSR] might have enough that they won't need to wait on additional reviews," and that "it's possible [for components] to redact controlled unclassified information if there's a basis for it."

24.     In a follow-up email on March 28, 2023, the DoD lawyer confirmed to Patel's counsel that DOPSR does not "distinguish[] between classified and unclassified [information] when it returns redactions to the author," and that "representatives might be allowed [in discussions between DoD and the author]"—but only following the commencement of litigation.

25.     On March 31, 2023, Patel requested a status update from DOPSR, which informed Patel that three reviews remained outstanding—nearly sixth months after Patel first sent the Manuscript to DOPSR.

26.     To date, not one word in Patel's manuscript has been identified as classified to Patel.

27.     DoD has repeatedly affirmed it may propose the redaction of indisputably unclassified information, without distinguishing it from purportedly classified information.

28.     DoD has further indicated it is reviewing the Manuscript for conformity with DoD policy.  As a former government official, Patel has no obligation, legal or otherwise, to express views that accord with those of the Pentagon.  Indeed, upon information and belief, the divergence

between Patel's opinions and those of senior government officials have likely contributed to the undue delay in DoD's review of the Manuscript.

29.     These actions detailed above not only violate Patel's First Amendment rights, but the DoD has constructively imposed an injunction upon Patel that prohibits the publication of his manuscript altogether. Proceeding to publication without formal written DoD authorization could lead to civil liability.

30.     Based on the intentional actions of the DoD to effectively enjoin Patel from publishing his manuscript, the publication date of *Government Gangsters* has been repeatedly pushed back.  Even once DoD completes its review, it will likely take several months to get the Manuscript printed and distributed.

31.     Every delay of publication causes financial harm to Patel, particularly given the significant market demand for the Manuscript.  On or about May 1, 2023, pre-orders of *Government Gangsters* had launched the book to #1 in the categories "United States National Government," "Political Corruption & Misconduct," and "Federal Jurisdiction Law" on Amazon.com.

### Claims for Relief

### COUNT I
### First Amendment/Declaratory Judgment — Right to Publish — Classification Challenge

32.     Patel repeats and realleges the allegations contained above, inclusive.

33.     Patel properly and timely submitted, pursuant to one or more secrecy agreements, his Manuscript for prepublication review.

34.     DoD is legally prohibited from precluding Patel from publishing anything other than classified information.

35.     Absent the identification of classified information, DoD has no legal right to prevent Patel from publishing unclassified information.

36.     Given its current position, DoD has effectively improperly classified information that is, in fact, unclassified.  The consequence of this action is to prohibit Patel from publishing or disseminating the information in his manuscript as to otherwise proceed to publication subject him to legal action.

37.     DoD has failed to show that Patel's First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

38.     DoD has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of unclassified information within Patel's Manuscript.

39.     DoD's restrictions imposed upon Patel have been unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights.  It has unnecessarily restricted unclassified speech in a way that does not advance any substantial government interest.

40.     Because DoD has impermissibly infringed upon Patel's right to publish unclassified information in his Manuscript, it has violated Patel's First Amendment rights.

41.     Patel desires to include only unclassified information in his Manuscript, and all efforts to engage with DoD to negotiate an amicable and expeditious resolution have been unsuccessful.

42.     Patel has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

**COUNT II**
**Administrative Procedure Act — Unreasonable Delay**

43.     Patel repeats and realleges the allegations contained above, inclusive.

44.     Patel properly submitted his Manuscript to Defendant DoD for prepublication classification review in October 2022.

45.     Defendant DoD must complete the prepublication classification review of submissions and justify any redactions within a reasonable period of time.

46.     Defendant DoD has unreasonably delayed completing its final review of Patel's Manuscript, as well as arbitrarily and capriciously failed to cooperate with him to minimize/eliminate any already identified concerns.

47.     By unreasonably delaying completion of its classification review and properly justifying its redactions, Defendant DoD has impermissibly infringed on Patel's right to publish the information contained within his Manuscript.  Thus, Patel has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, a delay in being able to timely on information of public interest, and/or lost or jeopardized present or future financial opportunities, which impairs his ability to serve the public.

### COUNT III
### First Amendment/Declaratory Judgment — Legal Counsel's Access to
### Classified Information/Unredacted Manuscript

48.     Patel repeats and realleges the allegations contained above, inclusive.

49.     In order to be able to fully protect Patel's First Amendment rights, appropriately cleared legal counsel will require access to any alleged classified information Defendant DoD claims is contained within the Manuscript.

50.     Patel has a First Amendment right to counsel and to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with Defendant DoD to discuss any redactions.  Patel's constitutional rights extend to representation by counsel with the appropriate level of security clearance.

**Demand for Relief**

WHEREFORE, Plaintiff requests that the Court award him the following relief:

a.   Permanently and immediately enjoin Defendant from restraining the publication of any portion of unclassified text within his Manuscript;

b.   Declare that Plaintiff possesses a First Amendment right to publish any unclassified information that Defendant redacted from his Manuscript;

c.   Declare and find that all of the text in the Manuscript is unclassified;

d.   Award Plaintiff the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law;

e.   Award any appropriate compensation to Plaintiff for any losses suffered or expenses incurred due to Defendant's actions; and

f.   Grant such other relief as the Court may deem just and proper.


Respectfully submitted,

*/s/ Christopher E. Mills*
Christopher E. Mills
D.C. Bar No. 1021558
SPERO LAW LLC
557 East Bay Street #22251
Charleston, SC 29413
(843) 606-0640
cmills@spero.law

Dated: May 3, 2023